## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DARREN N. AMOS,
      Appellant,

      v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
SF-0752-16-0434-I-1

DATE: February 2, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Darren N. Amos, Mountain Home, Idaho, pro se.

Randy Choiniere, Rock Island, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review and the agency has filed a cross petition for review of the initial decision, which mitigated the removal action to a demotion and found that the appellant failed to prove his affirmative defenses. For the reasons discussed below, we GRANT the petition for review, DENY the cross petition for review, REVERSE the initial decision, and DO NOT SUSTAIN the agency's removal action.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2　　　The agency proposed the appellant's removal from his Supervisory Fire Protection Specialist position based upon the following charges:  (1) receipt of pay for time not worked; (2) unauthorized use of Government-owned property; (3) unauthorized possession of Government-owned property; and (4) conduct unbecoming a Federal supervisor, which was supported initially by two specifications.  Initial Appeal File (IAF), Tab 1 at 13-16.  In the first specification of conduct unbecoming a Federal supervisor, the agency charged that the appellant engaged in inappropriate discussions with a subordinate employee about her medical procedure in the presence of other employees, and in the second specification, the agency charged that the appellant used his Federal position to solicit discounts on personal purchases.  *Id.* at 13-14.  The appellant provided a written reply to the proposed removal in which he submitted documentation concerning the subordinate's medical care, which he had received in his capacity as her supervisor.  IAF, Tab 11 at 137.  In response, the proposing official amended the proposal to add a third specification of conduct unbecoming a Federal supervisor based upon the appellant's improper use of the medical documentation.  IAF, Tab 1 at 17-18.  The appellant responded orally and in writing to the amended proposal.  IAF, Tab 11 at 177-252.

¶3　　　The deciding official sustained the first and third charges and specifications 1 and 3 of the fourth charge, found that each of the charges was sufficient by itself to warrant the penalty of removal, and imposed the appellant's removal.  IAF, Tab 1 at 19-21.  The appellant filed the instant appeal challenging the removal and asserting multiple affirmative defenses.  *Id*. at 5.  After holding the appellant's requested hearing, IAF, Tab 61, Hearing Compact Disc (HCD), the administrative judge issued an initial decision that found the following:  the agency proved only the first charge regarding receiving pay for time not worked and the third specification of the fourth charge regarding the improper use of the subordinate employee's medical documentation; the agency provided the

appellant with due process; the appellant failed to prove harmful procedural error, that the agency's actions were not in accordance with law, prohibited personnel practices under 5 U.S.C. § 2302(b)(12), his disability discrimination claim, and retaliation for protected whistleblower activity; the agency established nexus; and that it was necessary to mitigate the removal to a demotion to the position of a nonsupervisory Firefighter or Fire Inspector with the least reduction in grade and pay, IAF, Tab 63, Initial Decision (ID).

¶4    The appellant has filed a petition for review, the agency has filed a cross petition for review, and the appellant has responded.[2]  Petition for Review (PFR) File, Tabs 1, 3, 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The appellant challenges the administrative judge's conclusion that the agency provided him due process because he asserts that the deciding official and the proposing official engaged in ex parte communications before the agency made its final decision to remove him.  PFR File, Tab 1 at 22–25.  The U.S. Court of Appeals for the Federal Circuit has held that, if a deciding official receives new and material information through an ex parte communication, "then a due process violation has occurred and the former employee is entitled to a new constitutionally correct removal procedure."  *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377 (Fed. Cir. 1999).  Whether the ex parte communication conveyed new and material information, however, depends on the following factors:  (1) whether the information was new rather than cumulative; (2) whether the employee knew of the information and had a chance to respond to it; and (3) whether the information was of a type likely to result in undue pressure upon the deciding official to rule in a particular manner.  *Id.*  The ultimate inquiry

---

[2] The agency asserts in its cross petition for review that the administrative judge erred in mitigating the penalty of removal.  Petition for Review File, Tab 3 at 5-11.  Given our determination that the appellant has proven a due process violation that warrants reversal of the removal action, we deny the agency's cross petition for review.

is whether the communication is "so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances." *Id.*

¶6 The proposing official testified that, after issuing the proposal notice, he had at least two conversations with the deciding official in which they discussed that the appellant was becoming a "disruption" in the fire department. HCD (testimony of the proposing official). He testified that he informed the deciding official that he received a telephone call from the equal employment opportunity (EEO) office regarding informal anonymous complaints about the appellant from employees. *Id.* He further testified that he told the deciding official that the employees' complaints included the fact that the appellant had not been reassigned during the pendency of the removal action. *Id.* He also told the deciding official that he had received some complaints from employees directly. *Id.* Additionally, the proposing official testified that he explained to the deciding official that he tried to find a placement for the appellant during the pendency of the removal action but could not find one. *Id.* He further testified that he recommended to the deciding official that the appellant should not remain in the fire department under these circumstances. *Id.*

¶7 The deciding official's recollection about this portion of their conversations is less detailed. He recalled having two conversations with the proposing official during this time period regarding possible alternative positions for the appellant and the performance of his duties. HCD (testimony of the deciding official). He did not testify about the discussions regarding the EEO matters or complaints from employees. *Id.* However, he was not asked about these matters at the hearing or during his deposition, and his testimony does not contradict that of the proposing official. *Id.*; IAF, Tab 75.

¶8 The administrative judge found that the agency had not committed a due process violation. ID at 19-20. She found that the information that the proposing official provided to the deciding official was consistent with and arguably

cumulative of the proposal notice in that the proposing official deemed the appellant's misconduct as serious enough to justify removal instead of reassignment, and thus, he already had conveyed the information contained in the communications at issue. *Id.* For the reasons discussed below, we disagree.

¶9        The ex parte communications essentially address the following issues: the proposing official's opinion that the appellant should no longer work in the fire department because of his disruptive nature and the unavailability of suitable alternative positions for him; and complaints from employees, including anonymous complaints sent to the EEO office and other complaints made directly to the proposing official, that the appellant had not been reassigned during the pendency of the removal action. HCD (testimony of the proposing official and the deciding official). It is possible that the proposing official's opinions regarding potential reassignment are cumulative of the proposal in that it is implicit in his recommendation to remove the appellant that he did not find the appellant was suitable for reassignment. However, because we find that the portion of the communication regarding employee complaints constitutes new and material evidence, we need not address this issue.

¶10        We find that the portion of the ex parte communications regarding employees' anonymous complaints to the EEO office and direct complaints to the proposing official that the appellant had not been reassigned during the pendency of the removal action is new because it concerns events that occurred after the issuance of the proposal notice. We also find that the appellant would have had no way of knowing about the employees' specific complaints, particularly anonymous complaints to the EEO office. There is also no evidence that he had an opportunity to respond to this new information.

¶11        We further find that this is the type of information likely to result in undue pressure upon the deciding official to rule in a particular manner. For example, the information likely influenced the deciding official to conclude that the appellant would not be able to perform in any position at the agency without

complaints from other employees or that his continued employment could result in further EEO complaints. *See Seeler v. Department of the Interior*, 118 M.S.P.R. 192, ¶¶ 9-10 (2012) (finding that an ex parte communication was material when the deciding official relied upon it to conclude that the employee lacked integrity and could not to be trusted to perform in another position). Likewise, that the EEO office, which was not directly involved in the adverse action and has a mission of preventing workplace discrimination, contacted the proposing official to inform him of employee complaints, could influence the deciding official to agree with the proposing official that the appellant was not suitable for continued employment at the agency. *See generally Amar v. Department of the Treasury*, 89 M.S.P.R. 505, ¶ 20 (2001) (stating that a communication likely resulted in undue pressure on the deciding official because it was from "a trusted source").

¶12       The proposing official testified that he provided information to the deciding official regarding anonymous complaints about the appellant. HCD. The deciding official did not contradict that testimony. Moreover, the deciding official testified that he was required to take in all of the information that was presented during the case from everyone, including the appellant and the "referring" or proposing official, and make a decision. *Id.* He further testified that he considered what was provided to him by the "referring" official and the "evidence as a whole" and that he compiled "everything provided to me by the referring official." *Id.* Although the record could have been more fully developed, we find it more likely than not that the deciding official received and considered the ex parte information regarding the anonymous complaints about the appellant in making his decision. We further find that the deciding official's receipt and consideration of the ex parte communication undermined the appellant's constitutional due process guarantee of notice and the opportunity to

respond.[3]  *See Howard v. Department of the Air Force*, 118 M.S.P.R. 106, ¶ 6 (2012) (finding a due process violation when the deciding official considered the appellant's poor performance, including his poor audit production, in comparison to other journeymen and as measured by the agency's production goal as an aggravating factor without providing him with notice or an opportunity to respond to the information); *Silberman v. Department of Labor*, 116 M.S.P.R. 501, ¶ 14 (2011) (finding a due process violation when the deciding official considered five memoranda that documented instances of the appellant's similar prior misconduct without prior notice).  Consequently, we find that the removal must be reversed, and this matter must be remanded to the agency to afford the appellant constitutionally correct procedures.

¶13    When the Board reverses an action on due process grounds and orders status quo ante relief, it must nevertheless adjudicate any outstanding affirmative defenses for which the appellant could obtain additional relief, such as compensatory damages.  *See Edwards v. U.S. Postal Service*, 112 M.S.P.R. 196, ¶¶ 15-16 (2009).  Here, the appellant could be entitled to compensatory damages if he proved his claim of disability discrimination.  *See Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶¶ 9-19 (2016).  The appellant also could be entitled to compensatory damages if he proved his claim of reprisal for protected disclosures and/or protected activities under 5 U.S.C. § 2302(b)(8) or (b)(9).  5 U.S.C. § 1221(g)(1)(A)(ii); *see King v. Department of the Air Force*, 119 M.S.P.R. 663, ¶ 15 (2013).  The administrative judge found that the appellant failed to prove his

_____

[3] The administrative judge found that, even if the information that the proposing official conveyed to the deciding official constituted new and material evidence to which the appellant did not have an opportunity to respond, it did not result in a due process violation because there was insufficient evidence that the deciding official actually relied upon the statements when imposing the removal.  ID at 20.  Specifically, she found that the deciding official did not even remember the contents of the statements at the time of the hearing and cited his even-tempered personality.  *Id*.  The fact that the ex parte communication did not actually affect the decision is a procedural error analysis.  *Mathis v. Department of State*, 122 M.S.P.R. 507, ¶ 15 n.3 (2015).  However, because we reverse the appellant's removal based upon due process, we need not address this finding.

discrimination and retaliation claims.  ID at 28-41.  We see no reason to disturb the administrative judge's findings as to those claims.[4]

## ORDER

¶14     We ORDER the agency to cancel the appellant's removal and to restore the appellant effective April 8, 2016.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶15     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶16     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶17     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not

---

[4] Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether discrimination or retaliation was a "but-for" cause of the agency's decision.  *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶18       For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                  _____

                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.



| | **DEFENSE FINANCE AND ACCOUNTING SERVICE**<br>**Civilian Pay Operations** |
|---|---|

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1.  Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2.  The following information must be included on AD-343 for Restoration:

     a.  Employee name and social security number.
     b.  Detailed explanation of request.
     c.  Valid agency accounting.
     d.  Authorized signature (Table 63).
     e.  If interest is to be included.
     f.  Check mailing address.
     g.  Indicate if case is prior to conversion.  Computations must be attached.
     h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2.  Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3.  Outside earnings documentation statement from agency.
4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.
5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

     a.  Must provide same data as in 2, a-g above.
     b.  Prior to conversion computation must be provided.
     c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.